ORRIN SMITH, *et al.*, Appellants, *v.* ROBERT S. HARRIS *et al.*, Appellees.

### APPEAL FROM JO DAVIES.

Upon plea in abatement for non-joinder of a co-defendant, the plaintiff should issue a *sci. fa.*, against the co-defendant, and insert his name in the declaration, and non-service of the *sci. fa.*, will not impede the progress of the suit.

The provisions of the fourteenth section of the Act on Abatement, relate to persons who by marriage or death, have become necessary parties to a suit, which was originally properly commenced without them; and they can only be made parties by actual service upon them of a *sci. fa.*, or by their voluntary appearance.

The mere omission of the Court, on overruling a demurrer to the declaration, to

Smith *et al. v.* Harris *et al.*

render a formal judgment of *respondeas ouster* cannot prejudice the plaintiff. The defendant is at liberty to answer over, and, if he does not do so, the Court must dispo e of the case for want of a plea.

In a suit, brought on an instrument of writing for the payment of money, if no issue is made, the Court may either itself assess the damages against parties in default, or may direct the clerk to do so, but where an issue is made by one defendant, and default entered against others, the Court or jury who tried the issue, must assess the damages against the parties in default.

In a judgment for the plaintiff, a general judgment for costs against all the defendants is good, whether all have defended or not.

This was an action of assumpsit, brought in the Jo Davies Circuit Court, by Robert S. and James M. Harris, against Orrin Smith and others, on a promissory note. The note was dated February 1st, 1849, given for $2,000.00, payable four months from date, in the following form, "For value received, the steamboat, Senator, and owners, promise to pay to the order of D. S. Harris," &c. Signed, Orrin Smith Capt. for Boat and Owners, and endorsed by D. S. Harris, to R. S. Harris & Co., the plaintiffs below. The defendants below, were sued as owners of the steamer Senator. The pleadings are stated in the opinion of the Court. A jury was waived, and Sheldon, Judge, found for the plaintiffs, at May term, 1850. The bill of exceptions, shows that the note was given in part consideration of said boat, which was purchased of the payee of the note. Several of the defendants were present when the note w as executed.

The declaration averred that Smith executed the note as the agent of the defendants.

R. S. BLACKWELL, for Appellants.

The proceedings in making Brisbois a party, were irregular in this, viz: the *scire facias* was never served upon him, there was no order making him a party, and no disposition made of the plea in abatement. The true rule of practice, where a plea in abatement is filed, alleging the non-joinder of a party defendant, is, for the plaintiff immediately upon the filing of the plea, to sue out a *scire facias* against the person named in the plea; on the return of the writ to insert his name in the declaration; when service is had, obtain an order from the Court making him a party defendant; then by replication traverse the truth of the plea, and in support thereof exhibit the *scire facias,* amended declaration and order of Court, making him a party; upon which the Court will render a judgment of *respondeas ouster* against the

defendants. R. S., 43, 44, 45, § 3, 4, & 15; Heslep *v.* Peters, 4 Illinois, 45.

There ought to have been an interlocutory judgment on over-ruling the demurrer of Smith, Corwith, & Lodwick. 5 Dane Abr., 221, 224; 2 Saund. R., 119, 153, 205.

When plaintiff made Brisbois a party, there was a new cause of action spread upon the record, and the demurrants and the parties defendant, who plead in abatement, had a right to plead *de novo,* and the Court erred in rendering an interlocutory judg-ment against them without entering technical default.

There was no assessment of damages as to Corwith, Smith, Lodwick, Campbell, and Blakely, which is clearly erroneous. Howell *v.* Barnett, 8 Illinois, 433.

The introduction of the note, on the face of which an answer appeared, it was incumbent on the plaintiff to explain it, this was not satisfactorily done, and, therefore, there was a variance be-tween the declaration and note. Longly *v.* Norvell, 2 Illinois, 389; Walter *v.* Short, 10 Illinois, 252.

A general judgment for costs in this case against all of the defendants, who severed in their defence, was clearly erroneous.

E. S. LELAND, and DOULASS & HIGGINS, for Appellees.

CATON, J. This was an action of assumpsit, originally com-menced against Smith, Campbell, Corwith, Lodwick, Blakely, Rice, and Douseman, on a note signed " Orrin Smith, Capt. for boat and owners." Smith, Corwith, and Lodwick, demurred to the declaration ; Campbell and Blakely, filed a plea in abatement, alleging that Brisbois should have been joined as defendant, and Rice pleaded the general issue. An order was entered for a *scire facias,* against Brisbois, which was returned not found, and his name was suggested on the record, as a party defendant. There appears an order, reciting that the plea in abatement having been confessed, and Brisbois having been made a party by *scire facias,* and the said Blakely and Campbell having failed to answer fur-ther, a judgment by default was entered against them. After-wards the issue of fact made by Rice, was tried by the Court, who found in favor of the plaintiffs, and assessed their damages $2,118.68, upon which a motion for a new trial was made, which

was overruled. And on the same day a judgment was rendered against all of the defendants who had appeared for the amount found due upon the note. The bill of exceptions shows that when the note was offered in evidence, it was objected to, because the letters " U. S." before the word Senator, had been erased. The plaintiffs offered evidence tending to explain the erasure, and show that it was made at the time of the execution of the note, when the objection was overruled, and the note read in evidence, to which an exception was taken, as well as to the overruling of the motion for a new trial.

Upon this record, nineteen errors have been assigned, all of which have been examined and considered by the Court, and we are of opinion, that none of them can be sustained. We only feel called upon to notice a few of the most prominent errors assigned, and which were most relied upon in the argument.

In relation to the alleged alteration of the note, it is only necessary to remark, that if it required any explanation, the evidence on the subject was before the Court who tried the issue, and we think it was sufficient, to justify the conclusion, that the letters were erased at the time of the execution of the note. Nor can we perceive any weight in the objection, that the plea in abatement was never disposed of. The record recites, that the plea was confessed, and we see that the name of Brisbois was inserted in the declaration, as a defendant, and a *scire facias* issued to him. In this, the plaintiffs strictly pursued the course pointed out by the third section of our abatement act. Upon the filing of the plea in abatement, the plaintiffs forthwith sued out a *scire facias* against Brisbois, and inserted his name in the declaration. By doing this, they, in effect, confessed the plea in abatement, and avoided its effect, and it was not necessary to take any further notice of it. The defendant who had not been originally sued, was now made a party to the record, and although the *scire facias* was not served upon him, still that could not impede the progress of the suit. That such should be the effect, is expressly provided in the fourth section.

The provisions of the fifteenth section, which were so confidently relied upon, do not apply to cases of this kind. They only apply to cases, where the suit had originally been commenced properly, but in consequence of subsequent events, as the death or marriage of the party, a change upon the record

has become necessary. Such cases are provided for by section five and those succeeding it, which require an order of the Court to make the new parties, and in these cases the suit cannot proceed till the new parties are served with process, or voluntarily appear to the action. And there is a manifest propriety in this. In the first case, there is already a party before the Court to be proceeded against, and who can not only defend his own rights, but who must necessarily, to the same extent defend the interest of the absent party, who, however, cannot be affected by, or made a party to the judgment rendered, until he is made a party to it by another *scire facias* actually served upon him, and he has an opportunity of making a defence. In the latter case there may be no party in Court to proceed against, and no one to defend the interest which he should represent.

Another objection was, that no formal judgment of *respondeas ouster* was entered, upon the overruling of the demurrer. In the first place, the necessity for this was superceded by the express declaration of the demurrants, entered upon the record, that they would abide by their demurrer. But if this were not so, the objection is fully answered by the decision of this Court, in the case of Bradshaw *v.* Morehouse, 1 Gilman, 395. There, where the same objection was made, this Court said, "The mere omission of the Court to render a formal judgment of *respondeas ouster*, could not prejudice him. He was not denied the right of answering over to the declaration, but was at perfect liberty to do so. Refusing or failing to do it, the Court could only proceed to dispose of the case for want of a plea." How much more so in this case, where the parties had expressly notified the Court that they would not answer over, but would abide by their demurrer.

Another objection is, that the damages were not assessed as against the parties who were in default for the want of a plea. When a suit is brought on an instrument in writing for the payment of money, and no issue is found, but a default is entered, the Court may either direct the clerk to assess the damages, or they may be assessed by the Court, without the intervention of the clerk.

Where an issue is found by one defendant, and a default is entered against others, the Court or jury who tries the issue, must assess the damages against the parties defaulted. In this

case, the Court tried the issue, which was found against the defendant, when nothing remained to be done, but to compute the amount due upon the note, which was necessarily the amount of damages, to be assessed against all of the defendants, and for this amount judgment was entered against them. In this, there was neither error nor irregularity.

The last objection which we deem it necessary to notice is, that a general judgment for costs was entered against all of the defendants served; whereas each should be held liable for the costs which he had made. It would, no doubt, appear to be unjust, to tax a party who had made no defence, with a large bill of costs, which an obstinate co-defendant had made, without hope of success and against his remonstrance. But this judgment is entered in the form which has, in such cases, been universally adopted in this State, from its first organization, and we do not feel at liberty to change it. With us, a general judgment for costs is entered, without specifying the amount. They are subsequently taxed by the clerk, and if any party is dissatisfied with the taxation, he may replevy the fee bill, as is authorized by the statute, and thus bring the matter before the Court, for its decision. We express no opinion, whether the clerk could tax against each defendant, separately, the costs which he had occasioned, and issue a separate fee bill against each for their collection. When that question is brought before us we will examine it more attentively than we have done. It is enough for the present, that this judgment is in the proper form.

The judgment of the Circuit Court must be affirmed with costs.

*Judgment affirmed.*