## TUTTLE v. CLAFLIN et al.

(Circuit Court of Appeals, Second Circuit. February 11, 1895.)

EQUITY PRACTICE—FINAL DECREE.

T. brought suit against C. for infringement of a patent. Upon final hearing a decree for an accounting was entered, and the cause referred to a master, who reported a large sum due to the complainant. On exceptions to the master's report, a decree was entered, sustaining certain exceptions, and adjudging that the complainant might have the cause sent back to the master for further proofs, if he should elect to do so, by filing a notice to that effect in the clerk's office within 60 days, and that in default of such election the complainant recover six cents damages and the costs up to the order of reference, and that the costs of the proceedings before the referee be taxed in favor of the defendant. The complainant appealed from the decree. *Held,* that such decree had all the essential elements of a final decree, and might properly be treated as such.

This was a motion for a writ of supersedeas, issuing out of the circuit court of appeals, to stay all proceedings in the cause in the United States circuit court for the Southern district of New York until the hearing and decision by the circuit court of appeals of the appeal that had been taken therein.

The suit was in equity, for the infringement of certain letters patent for improvements in crimping and ruffling machines. The final hearing resulted in an interlocutory decree for an accounting. 19 Fed. 599. The master reported $76,215.85 due to the complainant, as profits. The defendant filed exceptions to this report, some of which were sustained. The court set aside the report. On April 10, 1894, a decree was entered on this decision, of which the operative part is as follows: "Ordered and decreed that the said exceptions, so far as they relate to said questions, especially the eleventh, twelfth, seventeenth, eighteenth, and twentieth exceptions, be, and the same are hereby, sustained, and that the said report be, and hereby is, set aside; and it is further order and decreed that the complainant may, if he desires, have the cause sent back to the master for further proofs and for a further report thereon, such election to be expressed by a notice in writing to be filed with the clerk of this court within sixty days after the entry of this decree. That in default of such notice the complainant recover of the defendants the sum of six cents damages, and that the complainant recover of the defend-

ants his costs to be taxed for all proceedings prior to and including the order of reference made herein on the —— day of March, 1884, and that the costs of the proceedings thus far had before the masters herein be taxed in favor of the defendants." The time within which to elect was extended by successive orders to and including September 20, 1894. On October 5, 1894, an appeal was taken from so much of the decree as sustained the exceptions and set aside the master's report and awarded to complainant nominal damages only, and to defendants certain costs, a supersedeas bond in the usual form being given. On November 17, 1894, the defendants attempted to tax their costs before the clerk of the circuit court. The clerk held that it was out of his power to do so, by reason of the appeal having operated as a supersedeas. The matter was brought for review before the circuit court, which decided as follows on December 27, 1894: "The objections to taxation should have been overruled, and costs taxed. The order appealed from was not a final one. The adjustment of respective costs and decree for difference yet remained to be done and entered." The complainant thereupon moved for a writ of supersedeas, and the motion came on to be heard before WALLACE and SHIPMAN, Circuit Judges.

Benjamin F. Lee, for the motion.

Edmund Wetmore, opposed.

WALLACE, Circuit Judge. The question whether the decree appealed from is to be regarded as a final decree in the cause is not free from doubt. Apparently, it was not intended to be in formal, final disposition of the cause; but another was to be made in case the election reserved to the complainant, to reopen the case, should not be exercised pursuant to the conditions specified, and after proof of the default. Nevertheless, it is so expressed as to be final in case a notice should not be filed in the clerk's office within a specified time,—a fact which could be ascertained merely by consulting the files of the court,—and provides that in default of filing such notice the complainant recover of the defendant the sum of six cents damages and his costs to be taxed, for all proceedings prior to and including the order of reference therein. Upon the authority of Forgay v. Conrad, 6 How. 202; Thomson v. Dean, 7 Wall. 342; French v. Shoemaker, 12 Wall. 86; Rubber Co. v. Goodyear, 6 Wall. 153,—we think the decree has all the essential elements of a final decree, and may properly be treated as such. The circumstance that the costs were not taxed and entered in the judgment is not material. Fowler v. Hamill, 139 U. S. 549, 11 Sup. Ct. 663. The motion for a writ of supersedeas is granted.

The following is a copy of the order and writ issued in accordance with the above opinion:

Theodore A. Tuttle, Trustee, etc., versus John Claflin, as Executor, etc., et al.
In Equity.

Theodore A. Tuttle, as trustee, etc., the complainant and appellant in the above-entitled cause, having moved this court for a writ of supersedeas directed to the United States circuit court for the Southern district of New York, staying and enjoining said court from taking any further proceedings herein until the decision by this court of the appeal herein, and this motion coming on to be heard upon the petition of the said Theodore A. Tuttle, trustee, etc., verified January 10, 1895, upon the record on appeal herein, heretofore filed with the clerk of this court, and upon all the proceedings heretofore had herein, and after hearing Benjamin F. Lee, Esq., in support of said motion, and Edmund Wetmore, Esq., in opposition thereto, and due deliberation having been had, it is adjudged and decreed that the

decree entered herein in the United States circuit court for the Southern district of New York on the 10th day of April, 1894, is a final decree, from which an appeal properly lies to this court; and it is further ordered, adjudged, and decreed that the appeal taken herein by complainant, and allowed on the 5th day of October, 1894, with the security thereon taken and approved, were such as properly to operate herein as a supersedeas to stay all proceedings in the United States circuit court for the Southern district of New York pending the hearing and decision of the said appeal, and the return of the mandate thereon; and it is further ordered, adjudged, and decreed that this motion for a writ of supersedeas be, and it hereby is, granted; and it is further ordered, that the clerk of this court be, and he hereby is, directed to issue such writ in the form hereto annexed, directed to the United States circuit court for the Southern district of New York, its judges, clerk, and marshal, staying and enjoining said court, its judges, clerk, and marshal, from taking, or suffering to be taken before them, any further proceedings herein until the hearing and decision by this court of the appeal herein, and the return of the mandate thereon; and it is further ordered that this writ be served by lodging the same in the office of the clerk of the United States circuit court for the Southern district of New York.

The United States of America—ss.

The President of the United States, to the Judges of the Circuit Court of the United States for the Southern District of New York, and to the Clerk and Marshal of Said Court, Greeting:

Whereas, An appeal has heretofore been taken to the United States circuit court of appeals for the Second circuit from a certain final decree entered in the United States circuit court for the Southern district of New York on the 10th day of April, 1894, in a certain cause wherein Theodore A. Tuttle, as trustee in insolvency of the Elm City Company, is complainant and appellant, and John Claflin, as executor of the last will and testament of Horace B. Claflin, deceased, John Claflin, Edward E. Eames, Horace J. Fairchild, Dexter N. Force, and Daniel Robinson, are defendants and appellees; and whereas, said appeal was taken, and good and sufficient security was given, in due time, to operate, by virtue of the statute in such case made and provided, as a supersedeas and stay of all proceedings in said cause in said circuit court; and whereas, notwithstanding such supersedeas, said defendants and appellees have attempted to take certain further proceedings in said cause in said circuit court; Now, therefore, we, being willing that full justice should be done the said Theodore A. Tuttle, trustee, in this behalf, and that his rights in the premises should be fully protected, do command and enjoin you to refrain from taking, or suffering to be taken before you, any proceedings whatsoever, and especially any proceedings in the nature of taxation and collection of costs, in the said cause, until the hearing and decision by this court of the appeal taken herein, and the return to you of the mandate thereon.

Witness the Honorable Melville W. Fuller, Chief Justice of the Supreme Court of the United States, this —— day of —— in the year of our Lord one thousand eight hundred and ninety-five, and of the independence of the United States of America the one hundred and nineteenth.

Attest: —— ——, Clerk.