## THE CHARLES E. WISEWALL.

(District Court, N. D. New York. June 12, 1896.)

MONOPOLIES—ACT JULY 2, 1890—TOWAGE SERVICES.

One who requests and accepts the services of a tug for towage purposes cannot escape paying the reasonable value of the services rendered, on the ground that the tug owners are members of an association which is illegal under the act of July 2, 1890, relating to trusts and monopolies.

This was a libel in rem by certain tug owners against the steam dredge Charles E. Wisewall to recover the value of certain services rendered by their tugs in towing the dredge. On final hearing.

Joseph A. Lawson and Isaac N. Lawson, for libelants.

W. Frothingham, for claimant.

COXE, District Judge (orally). The proof shows conclusively that during the summer of 1895, the tugs mentioned in the libel, rendered services to the claimant's dredge in sums aggregating several hundred dollars. The claimant seeks to avoid payment for the services thus requested and accepted by him, upon the ground that the tug owners were members of an association which was illegal and void under the act of July 2, 1890. The courts have found it very difficult to apply the indefinite generalities of this act to the facts of any given case. Prescott & A. C. R. Co. v. Atchison, T. & S. F. R. Co., 73 Fed. 438, and cases cited. Assuming, however, in order to avoid argument, that the agreement by which the tugs undertook to act in unison was prohibited by the act, as being in restraint of trade, my present impression is that this assumption will not aid the claimant. He should not be permitted to repudiate his just debts to the individual tugs because their association was illegal. Having asked for their services, and having accepted the benefit thereof, he should pay. Counsel for the claimant asked for additional time in which to present authorities to establish the proposition that the towage contracts were void and in restraint of trade because the agreement by which the tugs were associated was void for that reason. The au-

thorities furnished fail, in my judgment, to meet the point in question. It is a mistake to confound the two contracts. An agreement by the tug Mayflower to tow the dredge Wisewall, for a reasonable sum, from Albany to Troy, is not void because the Mayflower is associated with other tugs to regulate the price of towing at Albany. Should the claimant purchase a pair of trousers at an Albany clothing shop he would find it difficult to avoid paying their actual market value because the vendor and other tailors of that city had combined to keep up prices. So when he employs the Albany tugs during an entire season and receives services worth, upon the present proof, over $900, he should not be permitted to disavow his just obligations upon a pretext so illogical. The tugs do not ask that the dredge shall pay any more than their services are actually worth. If they are worth less than $924 demanded in the libel, it is still open for the claimant to show it. But it is unnecessary to pursue the subject further. Above and beyond every other consideration stands the indisputable fact that the tugs rendered valuable services to the dredge at her request. These debts she should pay. To permit her to escape would be aiding a scheme of repudiation. The tugs are entitled to a decree. Unless there is a reasonable prospect that the claimant can produce testimony reducing the amount proved to be due, a reference would seem unnecessary. However, if the claimant desires it a reference will be ordered. The libelants may amend the libel in the respects heretofore suggested if on reflection they desire to do so.