PRESCOTT & A. C. RY. CO. v. ATCHISON, T. & S. F. R. CO. et al.

(Circuit Court of Appeals, Second Circuit.     November 8, 1897.)

No. 7.

APPEAL AND ERROR—FINAL JUDGMENT.

An order signed by the judge, and entered by the clerk, finally dismissing certain of the defendants from the case, and directing the costs to be taxed, is a final appealable order, though the amount of the costs are not taxed and inserted therein; and a writ of error taken more than six months thereafter must be dismissed, although a more formal judgment was afterwards entered, less than six months before the allowance of the writ.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action at law by the Prescott & Arizona Central Railway Company against the Atchison, Topeka & Santa Fé Railroad Company and others. On January 8, 1896, the following order was entered by the court below:

"The issues herein raised by the complaint, and the answers of the defendant John J. McCook, in his individual capacity, and as receiver of the Atchison, Topeka & Santa Fé Railroad Company, and as receiver of the Atlantic & Pacific Railroad Company, and as trustee of the Prescott & Arizona Central Railway Company, and the answer of the defendant John J. McCook and George F. Crane, as executors and trustees of and under the last will and testament of George C. Magoun, late of the city of New York, deceased, and the several answers of the defendants Russell Sage and Cecil Baring, coming on to be tried and heard at a term of this court, held on the 6th day of January, 1896, before Honorable E. Henry Lacombe, circuit judge, and a jury, and after hearing Mr. C. N. Sterry and Mr. C. B. Alexander, of counsel for said defendants, in support of a motion for the dismissal of the complaint upon the pleadings, and Mr. Delos McCurdy, of counsel for the plaintiff, in opposition, and due deliberation being had, it is, on motion of Alexander & Green, attorneys for the above-named defendants, ordered that said motion be granted, and that the complaint of the plaintiff be dismissed as to each and all of the said defendants above named, with costs, to be taxed, and that judgment be entered herein accordingly; further ordered that a stay of fifty days from the date of this order is hereby granted within which the plaintiff may make and serve a bill of exceptions herein.

"Dated January 8, 1896.          "E. Henry Lacombe, U. S. Circuit Judge."

On October 2, 1896, a more formal judgment was entered by the court, dismissing the bill as to the same defendants, and adjudging that they recover of the plaintiff $258.63 costs, and have execution therefor.  On the 12th day of October, 1896, by consent of parties, a bill of exceptions was approved and allowed.  On the same day, assignments of error were filed by plaintiff, and the writ of error issued.  The defendants have now moved to dismiss the writ of error, on the ground that the proceedings in error were instituted more than six months after the order on January 8, 1896, which, it is claimed, was the final judgment in the case.

Delos McCurdy, for plaintiff in error.

C. N. Sterry, for defendants in error.

Before WALLACE and SHIPMAN, Circuit Judges.

PER CURIAM. The decision of the circuit court entered January 6, 1896, ordered the dismissal of the complaint, with costs to be taxed, and that judgment be entered accordingly. 73 Fed. 438. It was signed by the judge who heard the cause, and entered by the clerk on that date. Nothing further was necessary to a final and complete disposition of the action. The circumstance that the costs were not taxed and the amount inserted in the judgment is not material. It was essentially a final judgment (Fowler v. Hamill, 139 U. S. 549, 11 Sup. Ct. 663; Tuttle v. Claflin, 13 C. C. A. 281, 66 Fed. 7; Snell v. Dwight, 121 Mass. 349), and must be treated as such, within the meaning of section 11 of the act regulating the jurisdiction of this court, notwithstanding a further and more formal judgment was entered subsequently. As the writ of error was not sued out within six months after the entry of the original judgment, the motion to dismiss the appeal must be granted.