## ALLIS-CHALMERS CO. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. May 12, 1908.)

### No. 1,455.

APPEAL AND ERROR—TIME FOR SUING OUT WRIT OF ERROR—FINAL JUDGMENT.

A judgment entered by a federal court in an action at law, which includes costs against the losing party, is none the less final because a blank is left for the insertion of the amount of such costs when taxed, such taxation and entry being made as of course under Rev. St. § 983 (U. S. Comp. St. 1901, p. 706), by the judge or clerk, and requiring no

further judicial action, and the time for suing out a writ of error to review such judgment runs from such entry, and not from the time when the blank is filled.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

On motion to dismiss writ of error.

Kemper K. Knapp, for plaintiff in error.

Edwin W. Sims and James H. Wilkerson, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

PER CURIAM. Motion is made on behalf of the United States to dismiss this writ of error, as not sued out by the plaintiff in error within six months after the entry of the judgment in question, and the court is of opinion that the writ must be dismissed for that cause. The suit was at law to recover for liabilities alleged to have been incurred by the Allis-Chalmers Company, in violations of statute of the United States, resulting in a verdict and judgment entered thereupon January 28, 1907, against the plaintiff in error, from which this writ of error was sued out January 17, 1908. In the judgment so entered costs were imposed, in addition to the statutory forfeiture, in the following terms: "Besides its costs in this behalf expended, amounting to the sum of ———." For support of the writ, as timely, it is contended on behalf of the plaintiff in error that such entry of January 28th was not the final judgment, by reason of the provision for costs thus made, with a blank left for insertion of the amount when taxed; and that it became final only on January 17, 1908, when an order of court (appearing in the transcript of record) taxed the amount of costs and directed the clerk to insert such amount in the blank.

The judgment at common law is the final determination pronounced by the court upon the matters submitted to it (23 Cyc. 665), and all the issues in the suit below were thus determined with the entry made January 28, 1907. In reference to costs the only matter for judicial determination was whether the statutory costs were to be imposed; and when so adjudged taxation ensues, as of course, either by court or its clerk, for items fixed by statute and amounts ascertained ex parte or of record, and pursuant to statute (section 983, Rev. St. [U. S. Comp. St. 1901, p. 706]), are to "be included in and form a portion of the judgment." Such taxation involves no decision of issues in suit—no postponement of final judgment as above defined—and the subsequent order of the court referred to, which directs the amount taxed to be inserted in the judgment, was needless for that purpose, and without force, either to establish another adjudication or another entry of judgment. Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co., 84 Fed. 213, 28 C. C. A. 481. Vide Fowler v. Hamill, 139 U. S. 549, 550, 11 Sup. Ct. 663, 35 L. Ed. 266.

The authorities cited for the contention that costs must be taxed and inserted in the judgment before the entry becomes final are from states which have substituted code practice for that of the common law, and the rulings referred to are not deemed applicable for definition of final entry of this judgment—whether such entry is governed

by the general rule under the common-law practice or by the analogous practice in Illinois—and the rule which we adopt, as above stated, has not only the sanction of federal authorities, but appears as well to have been generally recognized and observed in the forum of the adjudication in question, and to be in accord with the approved practice (Smith v. Harris, 12 Ill. 462, 467) in the courts of Illinois.

The writ of error therefore was not obtained in time to vest jurisdiction in this court, and it is dismissed.