CROWELL et al. v. UNITED STATES.

(District Court, D. Massachusetts. May 29, 1922.)

No. 1860.

Admiralty ☞108—Correction of decree held not to extend time for appeal.

The correction by consent of a final decree which established the rights of the parties, made necessary by an error in computation apparent on the face of the decree, *held* not the making of a new decree, which extended the time for appeal.

In Admiralty. Suit by Peter H. Crowell and others against the United States. On petition for allowance of appeal. Denied.

See, also, 273 Fed. 227.

E. E. Blodgett and Blodgett, Jones, Burnham & Bingham, all of Boston, Mass., for libelants.

Charles P. Curtis, Jr., of Boston, Mass., for respondent.

MORTON, District Judge. This is a petition for the allowance of an appeal from a final decree in admiralty. The prevailing party objects upon the ground that the appeal was not seasonably taken.

The facts are not in dispute and are as follows: The final decree was entered on November 2, 1921. It decreed that the libelants should recover from the respondent $161,554.10 damages, "together with interest at the rate of 4 per cent. per annum thereon from May 20, 1920, to the date of this decree, as part of said damages, said interest amounting to $3,051.57, making a total of $164,605.57." In fact, as a critical reading of the decree at once shows, the interest was miscalculated; instead of $3,051.57, the correct amount was $9,513.71. And the correct total was $171,067.81, instead of the total stated in the decree. The mistake was noticed by counsel for the libelants, who called the attention of counsel for the respondent to it; and the two parties brought it to the attention of the court. With the assent of the court and both parties, the error was corrected on the decree itself on April 27, 1922, by striking out the incorrect computations and substituting correct ones. On May 4, 1922, the present petition for appeal was filed. Obviously it was not within six months from November 2d. It is therefore too late, unless the alterations in the decree made on April 27th have the effect of a new decree entered on that date. If so, the appeal is allowable; otherwise, not.

The question seems to me to be covered by Fowler v. Hanill, 139 U. S. 549, 11 Sup. Ct. 663, 35 L. Ed. 266, and Prescott & A. C. Ry. Co. v. Atch., T. & S. F. Ry. Co., 84 Fed. 213, 28 C. C. A. 481. Under the principle stated in those decisions the decree of November 2d was, in my opinion, the final decree. The substance of the decree and the obligation of the defendant thereunder were not altered by the subsequent correction of the erroneous computations, the error in which was apparent on the face of the decree. If I had power to allow the appeal, I should do so; but I have not.

For this reason only, appeal disallowed.