744

**UNITED STATES v. NORDBYE, Judge.**
**No. 383.**

Circuit Court of Appeals, Eighth Circuit.
Feb. 12, 1935.

Rehearing Denied March 21, 1935.

W. A. Marin, of Minneapolis, Minn., for petitioner.

Stanley B. Houck, of Minneapolis, Minn., for respondent.

Before STONE, GARDNER, and VAN VALKENBURGH, Circuit Judges.

GARDNER, Circuit Judge.

This is an original proceeding brought in the name of the United States as petitioner, against the respondent as judge of the United States District Court, for the District of Minnesota, seeking a writ of mandamus, directing and commanding respondent (1) to approve an appeal bond as filed in the lower court; (2) to allow and settle the bill of exceptions; (3) to strike out an order of said judge vacating an order allowing an appeal herein; (4) to do all things necessary and required of him by law to bring before this court an appeal attempted to be taken by petitioner.

It is disclosed by the record that two actions consolidated for purpose of trial, entitled respectively United States v. William J. Stevenson et al., and United States v. W.

**Yale** Smiley et al., were tried before the respondent without a jury, and at the close of plaintiff's testimony, on October 18, 1933, the court, Judge Nordbye presiding, on motion of defendants, directed a verdict in their favor, and judgment was on said date entered in favor of defendants, pursuant to said verdict. The actions were prosecuted in the name of the United States by Harold R. Love, under authority of section 80, title 18 USCA, and sections 231 to 234, title 31 US CA, but Love was not named as a party to either of said actions. On December 12, 1933, defendants' attorney served notice of taxation of costs and entry of judgment therefor. The date for such taxation and entry was set for December 18, 1933, and the notice stated in part that the purpose of the motion was "to have the within bill of costs and disbursements taxed against Harold R. Love, the informer herein." Plaintiff made no appearance, and on December 18 or 19, 1933, the record being in some doubt as to which of said dates, judgment for costs was entered. Petition for appeal, together with assignments of error, was presented to Judge Nordbye, who signed the order allowing appeal and the citation on February 28, 1934.

On March 2, 1934, defendants served notice of motion to vacate and set aside the order allowing appeal and the citation, alleging that the appeal was frivolous, improvidently allowed, and improperly secured. After hearing, Judge Nordbye signed an order vacating the order of February 28, 1934, and directing that notice of appeal and assignments of error be stricken from the record, it being recited in said order that the order allowing the appeal and the citation was signed by respondent because of misrepresentations made by the petitioners.

The petition for appeal describes the judgment to be appealed from as entered December 19, 1933, and the order allowing the appeal, which was stricken, recites that: "It is hereby ordered that the plaintiff be allowed an appeal, and the same is hereby granted; and it is further ordered that a $500.00 bond, approved by this court, be furnished, and that all proceedings be stayed until the determination of said appeal." In the assignments of error filed with the petition for appeal, no error is assigned with respect to the judgment for costs.

█ It is earnestly urged that Judge Nordbye lost jurisdiction of the case as soon as order allowing the appeal and the citation had been signed by him. When motion was made to vacate and set aside this order, the term of court at which the order was entered had not yet expired; bond on appeal, as required by the terms of the order, had not been furnished nor approved—in fact, respondent declined to approve the bond; bill of exceptions had not been settled, and none of the papers had actually passed from the possession or control of the lower court, nor had any papers been filed with the clerk of this court. Mandamus is ordinarily a remedy for official inaction, and not to compel the undoing of acts already done, or to correct wrongs already perpetrated. It may, however, be necessary to consider the act of Judge Nordbye in vacating his order allowing the appeal, for the purpose of determining whether petitioner is entitled to a writ requiring some further action on his part.

In the circumstances here disclosed, we are of the view that respondent still retained jurisdiction of the case, and, hence, had authority to set aside the order allowing the appeal and citation. Farmers' Loan & Trust Co. v. McClure (C. C. A. 8) 78 F. 211; Goddard v. Ordway, 101 U. S. 745, 752, 25 L. Ed. 1040; Ex parte Roberts, 15 Wall. (82 U. S.) 384, 21 L. Ed. 131; Aspen Mining & Smelting Co. v. Billings, 150 U. S. 31, 14 S. Ct. 4, 37 L. Ed. 986; Mackenzie v. Pease (C. C. A. 7) 146 F. 743.

In Goddard v. Ordway, supra, in an opinion by Chief Justice Waite, it is among other things said:

"The allowance of the appeal to Ordway was a judicial act of the court in term time. The order was entered on the minutes as part of what was done in the cause by the court while in session. In Ex parte Lange, 18 Wall. 163 [21 L. Ed. 872], we said that 'the general power of the court over its own judgments, orders, and decrees, in both civil and criminal cases, during the existence of the term at which they are first made, is undeniable.' Bassett v. United States, 9 Wall. 38 [19 L. Ed. 548]; Doss v. Tyack, 14 How. 297 [14 L. Ed. 428]. As part of the 'roll of that term,' they are deemed to be 'in the breast of the court during the whole term.' Bac. Abr., tit. Amendment and Jeofail, A. Under this rule, we think it clear that the court had the power during the term, at the request of Ordway, to set aside the order of allowance and thus vacate the appeal which had been granted in his favor. This was done before any adverse rights had intervened. We are unable to see how the allowance of an appeal differs in this respect

from any other judicial order made in the cause. If the one is subject to revocation or amendment while the term continues so, as it seems to us, must be the other.

"There is nothing in this which interferes with the rule that where an appeal is allowed all jurisdiction of the suit appealed is transferred to this court. Here the question is whether an appeal was in legal effect allowed. It is true an order of allowance was granted and entered on the minutes of the court. So long as this order continued in operation, it bound the parties; but as it remained subject to the judicial power of the court during the term at which it was entered, its revocation vacated what had been done, and left the decree standing with no appeal allowed."

■ But we do not think the question of the authority of respondent to make the order is of controlling importance. The question is whether we should now require him to allow the appeal petitioned for by ordering a restitution of his former order, or otherwise. The purpose of the writ is not to establish a legal right, but to enforce a right which has already been established, and the right of the petitioner to the performance by respondent of the act which he seeks to compel must be clear and complete. Northern P. R. Co. v. Washington, 142 U. S. 492, 12 S. Ct. 283, 35 L. Ed. 1092; Re Cutting, 94 U. S. 14, 24 L. Ed. 49; Carroll County v. United States, 18 Wall. 71, 21 L. Ed. 771. As the writ may only be invoked in furtherance of the principles of justice, it will not issue to enforce or vindicate a mere abstract right, and the matter involved must be substantial.

While the petition for appeal described the judgment which was attempted to be appealed from as entered December 19, 1933, it is apparent that the date given to this judgment by petitioner is based upon his construction of the judgment dismissing the action, actually entered October 18, 1933, it being contended by petitioner that the judgment so entered did not become final until the date of the taxation of costs December 19, 1933. As has already been observed, no error is assigned with reference to the taxation of costs, but they all go to the proceedings in the trial which culminated in the judgment of dismissal, so that there can be no doubt of the identity of the judgment from which an appeal was attempted. Section 230, title 28, USCA, provides that: "No writ of error or appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree."

■ It is well settled that statutes limiting the time for taking an appeal are mandatory and jurisdictional. Muckelroy v. Baldwin (C. C. A. 8) 70 F.(2d) 728; Northwestern Public Service Co. v. Pfeifer (C. C. A. 8) 36 F.(2d) 5; Bremner v. Thomas (C. C. A. 8) 25 F.(2d) 301; Babb v. United States (C. C. A. 8) 27 F.(2d) 80; Share v. United States (C. C. A. 8) 50 F.(2d) 669.

■■ It is, however, urged that the judgment was not final and complete until costs had been taxed and inserted therein, and hence, the time for appeal did not commence to run until the costs had in fact been inserted in the judgment. In support of this contention counsel cite certain decisions from the state of Minnesota, and contends that under the Conformity Act (28 USCA § 724) these decisions are controlling. But the finality of a judgment for purposes of appeal in federal courts is not controlled by the procedure in the state courts, but is governed by the statutes of the United States and the procedure, rules, and decisions of the national courts. Fidelity & Deposit Co. v. Wheeler (C. C. A. 8) 34 F.(2d) 892; Northwestern Public Service Co. v. Pfeifer (C. C. A. 8) 36 F.(2d) 5; Cudahy Packing Co. v. Omaha (C. C. A. 8) 24 F.(2d) 3; Boatmen's Bank v. Trower Bros. Co. (C. C. A. 8) 181 F. 804; Hooven, Owens & Rentschler Co. v. Featherstone's Sons (C. C. A. 8) 111 F. 81; Camp v. Gress, 250 U. S. 308, 39 S. Ct. 478, 63 L. Ed. 997. The judgment was final when entered, notwithstanding the fact that costs had not yet been taxed and entered therein. Fowler v. Hamill, 139 U. S. 549, 11 S. Ct. 663, 35 L. Ed. 266; Allis-Chalmers Co. v. United States (C. C. A. 7) 162 F. 679; Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co. (C. C. A. 2) 84 F. 213; Tuttle v. Claflin (C. C. A. 2) 66 F. 7; United States v. Worley, 281 U. S. 339, 50 S. Ct. 291, 74 L. Ed. 887.

■ As has been observed, the actions were brought under sections 232 and 234, title 31 USCA, and no costs could be taxed against the government under these sections, nor under section 817, title 28 USCA. So far as the government was concerned at least, the judgment as entered was a finality and determined every issue involved. The only judgment for costs which could be entered was a judgment against the informer, and

not against the United States. Love, the informer, has taken no steps to review the judgment for costs. The clerk taxed those costs, and there has been apparently no effort made to have the action of the clerk reviewed by a motion to retax. Rule 18 of the District Court of Minnesota provides as follows:

. "1. Costs and disbursements to be inserted in a judgment shall be taxed in the first instance by the clerk, upon two days notice.

"2. An appeal therefrom may be taken to the court within ten days after such taxation by the clerk, but not afterwards. Such appeal shall be taken by notice in writing signed by the appellant, directed to and served upon the adverse party and the clerk, and shall specify the items from which the appeal is taken. When such appeal is taken, either party may bring the same on for determination before the court on notice or by an order to show cause."

In Snyder v. McCarthy (C. C. A. 8) 197 F. 166, this court held that noncompliance with this rule is sufficient ground for affirming a judgment for costs. It is clear, therefore, that the only judgment involved is the judgment which was entered against plaintiff on October 18, 1933. Petition for appeal and the order allowing appeal were filed and dated February 28, 1934, which was more than three months after the entry of the judgment sought to be appealed from. The judgment could, therefore, not be reviewed by this court in any event, and, as this court may only grant mandamus in aid of its appellate jurisdiction, it is called upon to require Judge Nordbye to allow an appeal which we have no jurisdiction to consider, and this futile action we should refuse to take. City of Boulder v. Lewis (C. C. A. 8) 21 F.(2d) 910; United States v. Lapp (C. C. A. 6) 244 F. 377; United States v. Norfolk & W. Ry. Co. (C. C. A. 4) 118 F. 554; Muma v. Bodine (C. C. A. 3) 16 F.(2d) 463.

The last-cited case seems to be exactly in point. There, as in the instant case, the time for appeal had expired, and the trial judge declined to allow the appeal. In the course of the opinion it is said:

"The question before us is whether we shall, in aid of our appellate jurisdiction, command Judge Bodine to allow the appeal which Muma had asked for. Delaware, L. & W. R. Co. v. Rellstab, Judge (C. C. A.) 15 F.(2d) 137.

"Restating the critical dates, Muma, on August 17, 1926, asked the judge for an allowance of an appeal from a decree entered May 4, 1926. Under section 8, subsection (c) of the Act of February 13, 1925 (43 Stat. c. 229, Comp. St. § 1126b [28 USCA § 230]), Muma's right of appeal was limited to three months and by force of that statute, positively expressed, no appeal can be allowed unless application therefor be made within three months from the entry of the decree. It follows that at the time the ·petitioner asked Judge Bodine for allowance of an appeal, his right of appeal and the judge's authority to allow it had expired. We cannot now command the judge to perform an act which, had he been so disposed, he could not lawfully have done at the time the petitioner asked him."

The petition is therefore dismissed.