[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11520
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-03650-CAP


RODDERICK T. DAVIS,

Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
U.S. ATTORNEY'S OFFICE,
FNU ESSINBURN,
FNU RIVERRA,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 7, 2014)

Before CARNES, Chief Judge, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Rodderick Davis, proceeding pro se, appeals the district court's dismissal of his petition for a writ of mandamus, filed under 28 U.S.C. § 1361, to compel federal correctional officers to both certify to his prosecuting jurisdiction that he had given them substantial assistance and recommend that a motion for a sentence reduction be filed on his behalf. On appeal, Davis argues that the district court abused its discretion by dismissing his petition and erred by failing to liberally construe that petition.

I.

Davis was convicted in 2006 of one count of conspiracy to distribute more than five kilograms of powder cocaine and more than fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)-(iii), and 846 (2006). The District Court for the Northern District of Florida imposed a sentence of 266 months imprisonment, which this Court upheld on appeal. See United States v. Davis, 245 F. App'x 885 (11th Cir. 2007).

According to Davis, he began cooperating with prison officials in 2007, shortly after his arrival. He maintains that he informed Officers Essinburn and Riverra of a range of illegal activities that were occurring inside the prison in exchange for their promise to recommend to his sentencing district that his

2

sentence be reduced under Federal Rule of Criminal Procedure 35(b).  Although Davis cannot be certain, he believes that the assistance he provided resulted in several criminal prosecutions and other repercussions.  Despite Officers Essinburn and Riverra's alleged assurances to the contrary, they never recommended Davis for a sentence reduction.  As a result, Davis filed his petition for a writ of mandamus under 28 U.S.C. § 1361, requesting the district court to order the appropriate defendants to certify that he provided them with substantial assistance in the investigation of certain crimes and to recommend a sentence reduction.  His petition named as defendants the United States government, the Federal Bureau of Prisons (BOP), the Atlanta Division of the United States Attorney's Office in the Northern District of Georgia, and two individual BOP officers, "Essinburn"[1] and "Riverra."

The magistrate judge issued a report and recommendation concluding that Davis' § 1361 mandamus petition should be dismissed for failure to state a claim. Over Davis' objections, the district court adopted the magistrate judge's report and dismissed the petition.  This appeal followed.

II.

---

[1] In his petition and appellate brief, Davis alternates between spelling Essinburn with the first "n" and without it.  The district court and this Court's electronic records spell it with that "n," which is also the spelling that will be used in this opinion.

3

We review a district court's refusal to issue a writ of mandamus for abuse of discretion.  See Schlagenhauf v. Holder, 379 U.S. 104, 111 n.8, 85 S.Ct. 234, 239 n.8 (1964) (recognizing that the issuance of a writ of mandamus "is itself generally a matter of discretion.").  Because Davis is proceeding pro se, we construe his pleadings liberally.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Under 28 U.S.C. § 1361, federal district courts have the power "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  However, mandamus is "an extraordinary remedy which should be utilized only in the clearest and most compelling of cases."  Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003) (quotation marks omitted).  A writ of mandamus should only be issued when "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available."  Id. at 1258 (quotation marks and brackets omitted).

The relief Davis seeks at this juncture is for Officers Essinburn and Riverra to certify the assistance he allegedly provided to the United States Attorney's Office for the Northern District of Florida (where he was prosecuted) and to recommend a reduction to his sentence based on that assistance.[2]  Ultimately, of

---

[2] Davis contends that the Magistrate Judge and district court misunderstood what relief he seeks.  He concedes that Essinburn and Riverra do not have the authority to file a Rule 35(b)(2) motion themselves.  Instead, he requests an order requiring "all parties to assess the

course, Davis would like for the government to file a motion under Federal Rule of Criminal Procedure 35(b)(2) to reduce his sentence. Under that Rule, the government may move to reduce a defendant's sentence more than one year after sentencing if the defendant provided substantial assistance that fits into one of several categories. See Fed. R. Crim. P. 35(b)(2). But Rule 35(b) does not obligate the government to file such a motion. As we have recognized, it gives the government "'a power, not a duty, to file a motion when a defendant has substantially assisted.'" United States v. McNeese, 547 F.3d 1307, 1308 (11th Cir. 2008) (quoting Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843 (1992)).

### III.

The district court dismissed Davis' claim because it found that he had not shown a clear right to the relief requested from the two correctional officers (their certification of his substantial assistance and recommendation for a sentence reduction) or that the officers had a clear duty to do so. We conclude that the district court did not abuse its discretion by dismissing Davis' mandamus petition.

In both his mandamus petition and his brief on appeal, Davis bases his right to relief and the defendants' duty to act on the fact that Officers Essinburn and

---

assistance he provided" to determine if it was substantial, and, if so, to "certify this assistance to the prosecuting authorities in the Northern District of Florida."

5

Riverra orally agreed that they would recommend a sentence reduction in exchange for his cooperation.  The district court found the duty prong of the Cash test to be lacking because it concluded that Davis had not alleged that the prison officials he assisted had any legal duty to act but instead had merely "told him that they would do so."  Construed liberally, however, both Davis' petition and his appellate brief allege a legal duty to act that is grounded in contract.  In his petition, Davis notes that he "entered into an agreement" with the defendants and was "promised" that such cooperation, if deemed to be substantial, would result in the officers recommending to his prosecuting authority that his sentence be reduced.  In his brief, Davis speaks in terms of not receiving "the benefit of the agreement which he entered into."  We thus do not agree with the district court that Davis failed to allege a duty to act on the part of Essinburn and Riverra.

But alleging a contractual duty is different from proving one, and the writ of mandamus will issue only where both the right to relief and the duty to act are clear.  See In re Bellsouth Corp., 334 F.3d 941, 953–54 (11th Cir. 2003) (resisting the trend present in some circuits to issue the writ of mandamus where there is merely a "right to relief" and not a "clear right to relief") (emphasis added) (quotation marks omitted).  A mandamus petition is simply not the right vehicle for the adjudication of a legal right.  As our sister circuits have observed, "[t]he purpose of the writ is not to establish a legal right, but to enforce a right which has

6

already been established."  United States v. Nordbye, 75 F.2d 744, 746 (8th Cir.

1935); see also United States ex rel. Stowell v. Deming, 19 F.2d 697, 698 (D.C.

Cir. 1927) (same).

Davis has not established that Essinburn and Riverra clearly owe him a legal

duty or that he possesses a clear legal right to the relief he requests in this case.

His brief fails to set out the exact terms of the purported agreement.  For example,

Davis argues that he is entitled to the benefit of his bargain "by virtue of the

assurance to Davis that legal authority existed whereby Davis could provide

substantial assistance, and should that assistance be determined to have been

substanti[al], that Essiburn and/or Reiver [sic] had the legal authority to certify this

assistance to the prosecuting authority for a sentence reduction consideration."

And he describes the relief he seeks as "a mandamus order requiring all parties to

assess the assistance he provided and determine if same was deemed to have been

substantial, and if so, then certify his assistance to the prosecuting authorities in the

Northern District of Florida . . . ."  Putting aside the difficulty in requiring "all

parties" to assess his assistance (Davis named as defendants the United States,

BOP, and U.S. Attorney), it is unclear if Essinburn's and Riverra's performance

was conditioned on their satisfaction that the assistance was substantial.  Davis

cites no legal authority to support his naked assertion that "the assistance provided

by him was indeed substantial."  Nor, for that matter, does he cite a single decision

7

granting mandamus to compel a federal correctional officer to take an action on the basis of a promise or an oral agreement.

Because Davis bears "the burden of showing that (his) right to issuance of the writ is clear and indisputable," <u>Kerr v. United States Dist. Court for the N. Dist. of Cal.</u>, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124 (1976), he must do more than he has if he wishes to access the "extraordinary remedy" of mandamus which is utilized "only in the clearest and most compelling of cases," <u>Cash</u>, 327 F.3d at 1257.  Davis has established neither his clear right to the requested relief nor the officers' clear duty to act that is required under <u>Cash</u>.[3]

Finally, Davis' contention that the district court failed to liberally construe his mandamus petition is without merit.  There is also nothing in the record to suggest that Davis' petition would have been granted if the district court had construed his arguments any more liberally.  For these reasons, we affirm the district court's dismissal of Davis' mandamus petition.

AFFIRMED.

---

[3] Even if Davis could establish his clear right and the officers' clear duty to certify his substantial assistance to the U.S. Attorney for the Northern District of Florida, the U.S. Attorney would be under no legal obligation to move for a sentence reduction, which is Davis' ultimate goal.  The decision to file such a motion is committed to the discretion of the prosecuting authority.  <u>See</u> <u>McNeese</u>, 547 F.3d at 1308.