## RUBBER COMPANY *v.* GOODYEAR.

1. Though a decree have been entered "*as*" of a prior date—the date of an order settling apparently the terms of a decree to be entered thereafter—the rights of the parties in respect to an appeal are determined by the date of the actual entry, or of the signing and filing of the final decree.
2. The question of sufficiency of an appeal bond is to be determined in the first instance by the judge who signs the citation; but after the allowance of the appeal it becomes cognizable here. It is not required that the security be in any fixed proportion to the amount of the decree; but only that it be sufficient. Where a decree had been for a large sum ($310,752), security in less than double the amount was accepted by this court, and the appellants allowed to withdraw a bond given in such double sum.

APPEAL from the Circuit Court for the District of Rhode Island. On motions.

Two motions were made in this cause. The first by the appellees, to dismiss the appeal, the other by the appellants to reduce the amount of the bond given on appeal. This had been required in double the amount of the decree; one for $310,752.72.

The first motion was founded on the allegation that the final decree of the Circuit Court was entered on the 28th of November, 1866, while the appeal was taken to the December Term, 1867, of this court. And if the decree was, in fact, entered on the day alleged, it was obvious that the appeal should have been taken to the next term of this court, which commenced on the first Monday—that is to say, on the 3d day of December, 1866, and that the appeal actually taken would have to be dismissed as not authorized by law.

The important question then was, on what day the decree of the Circuit Court was actually made.

It appeared from the return of the clerk of that court to a *certiorari* issued from this court, that *on the 28th day of November,* 1866, the following order was entered on the minute-book:

"1. In the cause in equity, *Goodyear, Executor, et al.* v. *Providence Rubber Company.* ORDERED, That the exceptions of the

complainants to the master's report be, and the same are hereby, overruled.

" 2. That the several exceptions of the respondents to the master's report be, and the same are hereby, overruled.

" 3. That the report of the master in the case be, and the same is hereby, confirmed.

" 4. That the profits made by the respondents, in violation of the rights of the complainants, under the patents in this case, are the sum of $310,757.72.

" 5. That the complainants do recover of the respondents in this case the sum of $310,757.72 and costs, taxed at ——.

" Respondents enter an appeal in open court. If appeal is to act as a *supersedeas*, a bond is to be filed in ten days in double the amount of the judgment. If not, execution to issue for judgment and costs, and a bond for costs on appeal to be filed in the sum of $500.

" The district judge to decide upon the sufficiency of the sureties."

Afterwards, *on the 5th of December*, 1866, *two days after the commencement of the December Term of this court*, a final decree was filed and entered as follows:

" Final decree. November Term, 1866. This cause came on to be heard at this term, upon exceptions to the final report made therein by Charles Hart, Esq., one of the masters of this court, bearing date ——, and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed as follows."

Then followed three clauses identical with the first three of the previous order; and the two concluding clauses in these words:

" Fourth. That the profits made by the respondents in violation of the rights of the complainants under the letters-patent number 1084, granted to Charles Goodyear, June 15, 1844, reissued December 25, 1849, extended June 14, 1858, and again reissued to Charles Goodyear, Jr., executor, November 20, 1860, in this case, are the sum of three hundred and ten thousand seven hundred and fifty-seven dollars and seventy-two cents.

"Fifth. That the complainants do recover of the respondents, the Providence Rubber Company, in this case, the sum of three hundred and ten thousand seven hundred and fifty-seven dollars and seventy-two cents, and costs, taxed at seven thousand four hundred and twenty-nine dollars and ninety-one cents."

This decree was "entered *as of November* 28, 1866," and signed, " J. R. BULLOCK, District Judge."

*Messrs. Curtis, Ackerman, and C. S. Bradley, in support of the first motion ;\* Messrs. Cushing, Payne, and Parsons, in support of the second,† and vice versâ, contra.*

The CHIEF JUSTICE delivered the opinion of the court.

The final decree, filed and entered on the 5th of December, 1866, it will be seen, is for the most part in the very language of the order; but uses the introductory words appropriate to a decree, and describes particularly the patents in controversy, and ascertains the amount of costs taxed. It omits the explanatory directions of the order as to the bond to be given on appeal; but the entry of the decree is followed immediately by another entry stating that an appeal was prayed for by respondents in open court, and was allowed, upon filing a bond within ten days with sureties to the satisfaction of the district judge.

Upon these facts we cannot doubt that the entry of the 28th of November was intended as an order settling the terms of the decree to be entered thereafter; and that the entry made on the 5th of December was regarded both by the court and the counsel as the final decree in the cause.

We do not question that the first entry had all the essential elements of a final decree, and if it had been followed by no other action of the court, might very properly have been treated as such. But we must be governed by the obvious intent of the Circuit Court, apparent on the face of the

---

\* Citing on the first motion, Castro v. United States, 3 Wallace, 49; The Steamer Virginia v. West, 19 Howard, 182; Mesa v. United States, 2 Black, 721. On the second, Stafford v. Union Bank, 16 Howard, 135.

† Citing on the first motion, Seymour v. Freer, 5 Wallace, 822; Silsby v. Foote, 20 Howard, 290. On the second, Black v. Zacharie, 3 Howard, 483.

proceedings. We must hold, therefore, the decree of the 5th of December to be the final decree.

It appears to have been entered " as of the 28th of November." But this circumstance did not affect the rights of parties in respect to appeal. Those rights are determined by the date of the actual entry, or of the signing and filing of the final decree. That test ascertains, for the purpose of appeal, the time of rendering the decree, as the 5th of December, 1866. The appeal in this case, therefore, was rightly taken to the present term.

The motion to dismiss must therefore be denied.

We have also considered the motion of appellants for the reduction of the amount of the bond for *supersedeas.*

In equity cases the appellate jurisdiction of this court attaches upon the allowance of the appeal. In order to make the appeal operate as a *supersedeas,* it is necessary for the appellant to give good and sufficient security for the prosecution of the appeal, and for all costs and damages that may be adjudged against him. This security is usually given by bond, with one or more sureties, and the twenty-second section of the Judiciary Act requires that it be taken by the judge who signs the citation on appeal. It is not required that the security shall be in any fixed proportion to the decree. What is necessary is, that it be sufficient, and when it is desired to make the appeal a *supersedeas,* that it be given within ten days from the rendering of the decree. The question of sufficiency must be determined in the first instance by the judge who signs the citation, but after the allowance of the appeal, this question, as well as every other in the cause, becomes cognizable here.

It is, therefore, matter of discretion with this court to increase or diminish the amount of the bond, and to require additional sureties or otherwise as justice may require.

In this case the decree was for $310,757.72 damages, and $7429.91 costs; and, following a usual practice, the judge required a bond in double the amount of the decree. We are satisfied that a bond in a much less amount will be entirely

sufficient, and inasmuch as it appears that security in part, for the amount they might be decreed to pay, had been given by the present appellants before the bond on appeal was required, by a deposit of bonds of the United States, and other private bonds, amounting in all to a sum not less than $200,000, we will order that the appellants have leave to withdraw the appeal bond now on file upon filing a bond in lieu thereof in the sum of $225,000, with good and sufficient sureties, to the satisfaction of the clerk of this court.

FIRST MOTION DENIED; SECOND ONE GRANTED.