JOHN MILLER *vs.* TIMOTHY SHEA & others.

SAME *vs.* MICHAEL W. EDWARDS.

Worcester.    October 1, 1889. — November 30, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Appeal Bond — Bond to dissolve Attachment — Seasonable Filing.*

The record of a district court recited the continuance of an action "till the fifth
day of November, A. D. 1884," when judgment was rendered for the plaintiff,
from which the defendant "appeals to the Superior Court . . . and gives bond
. . . to prosecute his said appeal." The bond to prosecute the appeal was
dated November 8, 1884, and, together with a bond dated September 19, 1884,
to dissolve an attachment in the action, was filed on November 10, 1884, in the
Superior Court, which took jurisdiction and rendered a judgment for the plain-
tiff, after which there was a breach of each bond. *Held,* that the bond to pros-
ecute the appeal was seasonably given, and that an action could be maintained
upon each bond.

TWO ACTIONS OF CONTRACT, the first upon a bond, given by
the defendant Shea as principal and by the other defendants as
sureties, to prosecute an appeal from a judgment rendered by
the Third District Court of Southern Worcester in favor of the
plaintiff, in an action brought by him against Shea; and the
second upon a bond, signed by Shea as principal and by the de-
fendant as surety, to dissolve an attachment in the same action.
The cases were tried in the Superior Court, before *Dewey,* J., who
allowed in each a bill of exceptions, in substance as follows.

The appeal in the original action from the district court was
duly entered in the Superior Court, and judgment there ren-
dered for the plaintiff, whereupon an execution issued, which
was returned as wholly unsatisfied by Shea within thirty days
from the entry of such judgment. The record of the district
court in the original action, signed by the justice of that court,
contained the following:

"The plaintiff appears and enters his action; the defendant
also appears and for plea says he does not owe, as set forth in
said plaintiff's said writ, and thereof puts himself on trial; upon
which plea issue being joined, the further hearing is continued
from term to term till the fifth day of November, A. D. 1884,

when, the parties being fully heard and understood, it appears to the said court that the plaintiff's declaration is proved, and that the defendant does owe in manner and form as the plaintiff declares. It is therefore considered by the said court, that he, the said John Miller, recover against the said Timothy Shea the sum of thirty-one dollars and forty cents, damage, and the costs of suit, taxed at twenty-one dollars and two cents. From which said judgment against him the said Timothy Shea appeals to the Superior Court, . . . and gives bond with sufficient sureties, . . . to prosecute his said appeal with effect, and pay all such costs as may arise after the appeal, in thirty days after judgment."

The bond to prosecute the appeal was in the usual form, and was dated November 8, 1884, and, together with the bond to dissolve the attachment, which was dated September 19, 1884, was filed in the Superior Court on November 10, 1884.

The defendants contended, and asked the judge to rule, that the appeal bond was not seasonably given, and that the Superior Court never had jurisdiction of the original action; that the judgment was erroneously rendered, and the condition of this bond had not been broken; and that this action could not be maintained. The judge declined so to rule, and directed a verdict for the plaintiff; and the defendants alleged exceptions.

*W. A. Gile*, for the defendants.

*T. G. Kent & G. T. Dewey*, for the plaintiff.

FIELD, J. The first case is against the principal and sureties on a bond given to prosecute an appeal from a judgment of the district court, rendered on November 5, 1884. The record of the district court imports that this bond was given on the fifth day of November, 1884, after the judgment was rendered, and before the appeal was allowed. See Pub. Sts. c. 154, § 52; c. 155, § 29; St. 1882, c. 95.

If the record does not conform to the fact, application to amend it should have been made to the district court. If, by the amended record, it had appeared that the bond was actually given on the eighth day of November, it might also have appeared that the court for " cause shown " had extended the time for filing it. The record, as it stands, must be taken to be true,

and the fact that the bond bears date as of the eighth day of November cannot be received to contradict the record.

It appears that the bond to dissolve the attachment was given after the defendants gave the bond to prosecute the appeal, and therefore the case is not within the Pub. Sts. c. 155, § 33.

It is unnecessary to consider whether, if the bond to prosecute the appeal had not been seasonably given, the ruling asked for by the defendants should have been given. See *Granger* v. *Parker*, 142 Mass. 186; *Pray* v. *Wasdell*, 146 Mass. 324.

The second case is on the bond given to dissolve the attachment, and is against one of the sureties on that bond. The same facts appear in the exceptions as in the exceptions in the first case, and the reasons hereinbefore given are decisive of the case. The entry in both cases must be

*Exceptions overruled.*