In re McCALL, Judge.

(Circuit Court of Appeals, Sixth Circuit. May 1, 1906.)

No. 1,514.

1. APPEAL—TIME—APPLICATION FOR REHEARING—EXTENSION OF TIME.
   The filing of a petition for rehearing of an order confirming a bankrupt's composition suspends the finality of the order sought to be reheard until disposed of, so that the time limit for an appeal therefrom does not begin to run until disposition of the motion for rehearing.

2. SAME—ENTRY OF ORDER.
   The time limit, for review of an order confirming a bankrupt's composition by appeal, begins to run from the entry of the confirmation order

on the records of the court, as provided by Rev. St. § 1008 [U. S. Comp. St. 1901, p. 715.]

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 1897-1899.]

**3. SAME—TRIAL COURT—RECORDS—TRANSCRIPT—VERITY.**

On a writ of error or appeal the transcript of the records of the trial court imports absolute verity, and cannot be contradicted or explained by outside evidence.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error. § 2850.]

**4. SAME—RECORDS—CONSTRUCTION.**

Where an order overruling an application for rehearing of an order confirming a bankrupt's composition was entered on the journal for October 10. 1905, which contained an indorsement by the clerk "Filed Oct. 10th, 1905," and the direction "Enter this order. John E. McCall, Judge. Oct. 16, 1905," it would be presumed that the date October 16th was a clerical mistake, since neither the approval of the form of the order by the judge nor the date of his approval has any proper place on the journal, and hence the time within which an appeal from such order could be taken began to run from October 10th.

Petition for Writ of Mandamus from the District Court of the United States for the Western District of Tennessee.

Blair Pierson, for petitioner.

Thomas M. Scruggs and E. E. Wright, for respondent.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. Petition for a writ of mandamus to compel allowance of an appeal from an order confirming a composition between Hosmer J. Barrett, a bankrupt, and his creditors. The relators are creditors who did not sign the composition.

In Adler v. Hammond, 104 Fed. 862, 44 C. C. A. 229, we held that an order confirming a composition was in substance and effect an order denying a discharge, inasmuch as a composition confirmed operated as a discharge, and that a creditor who had opposed the composition might appeal from its confirmation, by virtue of subsection 3 of section 25 of the bankrupt act. (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]. The applicable part of that section to the question now for consideration provides that "such appeal shall be taken within 10 days after the judgment appealed from has been rendered."

The order of confirmation was made October 3, 1905. The application for an appeal was made October 21, 1905. Judge McCall denied the appeal because not within the time limit, and that is the only question for decision. The transcript shows that on October 5, 1905, the relators filed a written petition praying for a rehearing in the matter of the confirmation of the composition. The effect of such a motion, when filed seasonably, is to suspend the finality of the order or judgment sought to be reheard until disposed of, and the time limit for an appeal or writ of error does not begin to run until it is disposed of. Brockett et al. v. Brockett. 2 How. 238; Aspen Mining Co. v. Billings, 150 U. S. 31-36, 14 Sup. Ct. 4, 37 L. Ed. 986; Northern

Pacific R. R. v. Holmes, 155 U. S. 137, 138, 15 Sup. Ct. 28, 39 L. Ed. 99; Kingman v. Western Manf'g. Co., 170 U. S. 675, 18 Sup. Ct. 786, 42 L. Ed. 1192.

The journal entry showing the disposition made of this application for a rehearing, as found in that part of the transcript made an exhibit to the petition of relators, is in these words and figures:

"In the District Court of the United States for the Western District of Tennessee.

"Monday, October 10, 1905.

"In the Matter of Hosmer J. Barrett, in Bankruptcy.

"This cause came on this day for orders upon the petition of C. L. Byrd & Co. for rehearing, filed herein October 5, 1905, upon consideration whereof it· is ordered, adjudged and decred that said petition be and the same is hereby dismissed at the cost of C. L. Byrd & Co., against whom execution will issue. The court finds and adjudges that all of the matters and things set up in said petition to rehear were presented and considered upon the hearing.

"Enter this order. John E. McCall, J. Oct. 16th, 1905.

"Filed October 10, 1905. A. G. Matthews, Clerk."

If, therefore, the application did come on to be heard "on this day," and was then denied, as recited in the entry, and if that entry appears upon the journal of the court for Monday, October 10, 1905, as the record shows, an application for an appeal on October 21st was too late and properly denied. To meet this difficulty relators aver in their petition that in fact this entry was not spread upon the journal of the court until October 21st, although it appears to be a proceeding of October 10th. To contradict this entry they also rely upon an entry at the foot of the order of October 3d, confirming the composition in these words:

"Ordered that court stand adjourned until Oct. 21st. Filed Oct. 3, 1905.

"A. G. Matthews, Clerk."

They also exhibit with their petition a communication taken from the file of the case, and so certified by the clerk, from respondent to his clerk, in these words:

"United States District Court, Western District of Tennessee, at Memphis.

"Lexington, Tenn., Oct. 10, 1905.

"A. G. Matthews. Esq., Memphis, Tenn.—Dear Sir: I enclose you herewith the papers in the case of Hosmer J. Barrett, in bankruptcy which is before me upon petition of C. L. Byrd & Co., to set aside a former order confirming the composition. and to rehear. You will please prepare an order overruling the motion to set aside and rehear, and inform Mr. Blair Pierson of my action in the case. .

"Very respectfully, John E. McCall.

"Filed Oct. 10, 1905. A. G. Matthews, Clerk."

Relators further aver that on October 20th their solicitor asked to see Judge McCall's order denying a rehearing, and was shown an order in the terms of the entry upon the journal for October 10th, which contained an indorsement by the clerk "Filed Oct. 10, 1905," and the direction, "Enter this order. John E. McCall, judge. Oct. 16, 1905," and that no entry of this order had been made upon the journal, and that in fact none was made until October 21st. If we are free to

go behind the record entry purporting to be the proceedings of October 10th, and inquire as to when Judge McCall rendered his decision denying a rehearing, it is clearly shown that he denied a rehearing upon October 10th, as recited by the entry upon the records of his court. Upon that day he, in writing, directed an order denying a rehearing, and this communication was marked filed by the clerk as of that date, and upon the same date the clerk drew the simple order denying the application of relator's and placed upon it the file mark of the court as an order made and filed October 10th. So if the matter is open for evidence it is probably true that the minutes of the proceedings of the court upon October 10th were not journalized until October 21st.

The time limit for a review by appeal, or writ of error, under section 1008, Rev. St. [U. S. Comp. St. 1901, p. 715], began to run from the time of the "entry of such judgment, decree or order." Under section 11 of the Courts of Appeal Act of 1891 (Act March 3, 1891, c. 517, 26 Stat. 829 [U. S. Comp. St. 1901, p. 552]), the provision is:

"That no appeal or writ of error by which any order, judgment or decree may be reviewed in the Circuit Court of Appeals under the provisions of this act shall be taken or sued out, except within six months after the entry of the order, judgment, or decree sought to be reviewed."

In Silsby v. Foote, 20 How. 290, 15 L. Ed. 822, it seems to have been ruled that the time limit did not begin to run until the decree had been signed by the judge. But in Board of Commerce v. Gorman, 19 Wall. 662, 22 L. Ed. 226, it was held that the date of the entry governs, whether signed or not, when the decree was of simple character and required no "settling" by the judge. In Polleys v. Black River Co., 113 U. S. 81, 5 Sup. Ct. 369, 28 L. Ed. 938, it was ruled that the time limit upon error proceedings begins to run only from the date of the "entry" of the judgment, or decree, or order upon the records of the court. See, also, Marks v. Northern Pacific R. R. Co., 76 Fed. 941, 22 C. C. A. 630, Providence Rubber Co. v. Goodyear, 6 Wall. 153, 18 L. Ed. 762; and Credit Co. v. Arkansas Central R. Co., 128 U. S. 258, 9 Sup. Ct. 107, 32 L. Ed. 448.

The provisions of subsection 3 of section 25, in regard to special class of appeals there allowed, departs from the terms found in the judiciary act of 1787, as carried into section 1008, Rev. St. and as repeated with respect to the time limit on appeals to this court. In the acts referred to the limit began to run from "the entry of the judgment, decree or order." And this, as we have seen, was construed as referring to an entry upon the records of the court. The time limit upon the appeal from a judgment allowing or denying a discharge is 10 days and the language of the provision is "that such appeal shall be taken *within ten days after the judgment appealed from has been rendered.*" The italics are ours.

Statutes which provide that writs of error or appeal shall be taken within a given time from the "rendition" of the judgment or decree have been generally construed as stating the time limit from the date of the decision of the court, and not from the date of its subsequent

entry in the journal, or signing by the judge. See 2 Ency. Pl. & Pr. p. 249 et seq., where the cases are collected. There are, however, some Minnesota cases which hold that a decree or judgment is not "rendered" within the meaning of such statutes until entered. Humphrey v. Havens, 9 Minn. 318 (Gil. 301); Exley v. Berryhill, 36 Minn. 117, 30 N. W. 436, which overrule certain earlier cases holding otherwise. It is, however, unnecessary to decide whether the limitation of 10 days upon such appeal begins from the decision of the matter, or from the entry of the decision upon the records of the court, inasmuch as in any case the application for appeal in this case was made more than 10 days after the order denying a rehearing was "entered," unless the recital of the record can be now contradicted.

It must be conceded that, if a time limit upon such appeals does not begin to run until the actual entry of the judgment appealed from, the actual date of the entry of a judgment would be the date of the entry of the nunc pro tunc order. U. S. v. Gomez, 1 Wall. 690, 17 L. Ed. 677; Rubber Co. v. Goodyear, 6 Wall. 153–156, 18 L. Ed. 762; Credit Co. v. Ark. Central Ry. Co., 128 U. S. 258, 9 Sup. Ct. 107, 32 L. Ed. 448. But the entry denying relators' motion for a rehearing is not a nunc pro tunc order; that is to say, it does not purport to be an order entered upon one day as for an earlier day. The certified record purports to contain an entry made on October 10th, of the proceedings of that day, and the entry so made on October 10th, recites that on that day relator's motion had been heard and denied. The actual fact is, whatever it is worth, that their motion was heard and denied on October 10th. But the contention is that the form of the order for an entry was not approved by the judge until October 16th, and never in fact entered upon the records until October 21st. The order was not one which required any "settling" by the judge. When he denied a rehearing his decision was made. If the time limit for an appeal did not begin to run until it was entered on the records of his court, then the record evidence is that it was entered upon the day of the decision, and this set in motion the time limit upon an appeal.

Upon a writ of error, or appeal, the transcript from the records of the lower court imports absolute verity, and it is not competent to contradict, explain, or extend the recital of the record by evidence dehors the record. 2 Ency. Pl. & Pr. pp. 296, 298, 436; 2 Ency. Pl. & Pr. 434; Evans v. Stettnisch, 149 U S. 605, 13 Sup. Ct. 931, 37 L. Ed. 866. Every presumption will be indulged in favor of the verity of the record and the regularity of a proceeding which is only collaterally involved, as is the case in a proceeding like this. Thus a stenographer's notes of an oral opinion will not be suffered to contradict the charge or opinion as certified. District of Columbia v. Woodbury, 136 U. S. 450, 10 Sup. Ct. 990, 34 L. Ed. 472. If there are good and bad counts in a general verdict, the presumption is that the sentence was upon the good counts alone, in the absence of record evidence to show otherwise. Claassen v. United States, 142 U. S. 140, 12 Sup. Ct. 169, 35 L. Ed. 966. An objection that the defendants were not actually present in court when sentence was pronounced cannot be heard against a recital in the record that they were present. "If this," said

the court "was not in accordance with the facts, the record must be corrected below, not here." Spies v. Illinois, 123 U. S. 131–182, 8 Sup. Ct. 21, 22, 31 L. Ed. 80. A recital that a case had been heard at a term of court holden within the district in which the suit was pending was held to import verity, and an effort to show otherwise was unavailing. "It must be inferred from the terms of the decree," said Justice Blatchford, "that Judge Benedict was actually holding court for the Southern District, within that district, when the decree was entered. The record discloses no application to set aside the decree, because such was not the fact and it must be conclusively presumed that it was the fact in view of the provisions of sections 591–593 and 600 of the Revised Statutes [U. S. Comp. St. 1901, pp. 480, 481, 483], under which Judge Benedict could have been designated and empowered to hold the District Court for the Southern District." The Alaska (C. C.) 35 Fed. 555, 557.

The indorsement upon the entry of a direction to enter same, signed by Judge McCall, is dated October 16th. This is six days after the entry had been in fact made, and from this we are asked to hold that the entry of the order of dismissal could not have been made earlier than the 16th. But if a journal entry is to import verity, such a dating must be presumed to have been made by mistake. Neither the approval of form of order by Judge McCall, nor the date of his approval, has any proper place upon the journal. The direction is only the clerk's authority for spreading the matter on the journal of the court, and that will be presumed without an entry of the judge's direction. This erroneous dating does not vitiate the record. The presumption is that the date October 16th is a clerical mistake. Being found upon the journal of October 10th, we must so presume. The presumption of the verity of the journal admits of no other conclusion. In O'Dowd v. Russell, 14 Wall. 402, 405, 20 L. Ed. 857, the writ of error bore a date antecedent to the date of the judgment sought to be reviewed. The court held the dating an obvious mistake which did not vitiate the writ. In Glenn v. Liggett, 135 U. S. 533, 10 Sup. Ct. 867, 34 L. Ed. 262, objections to the jurisdiction of the Supreme Court were made because the writ, citation, and bond each bore a date antecedent to the date of the judgment, as shown by the journal entry. The court said:

"Whatever discrepancy appears must be attributed to clerical error; and that the matter is not open to the objection made, that the writ of error was brought, the citation signed, and the bond given before the judgment was entered."

In Miller v. Shea, 150 Mass. 283, 22 N. E. 912, the date of the appeal bond contradicted the recital of the record, which imported that it had been given before the appeal was allowed. The court said:

"If the record does not conform to the facts, application to amend should have been made to the District Court. * * * The record as it stands must be taken to be true, and the fact that the appeal bond bears date as of the 8th day of November cannot be received to contradict the record."

In McArthur v. Schultz, 78 Iowa, 364, 43 N. W. 223, it was held that the certificate of the trial judge could not be used to explain,

contradict, or extend the record upon review. In Buck v. Holt, 74 Iowa, 294, 37 N. W. 377, the question was whether, when a decree recited that it was rendered upon a certain date, it could be contradicted for the purpose of defeating the appeal by the clerk's certificate of the time of the filing with him of the paper upon which the decree was originally written. The court said:

"The decree is a verity, which must stand as recorded until corrected by proper proceedings. * * * The decree itself was rendered on the 23d of August, 1886. This statement cannot be overcome by the certificate of the clerk."

Our conclusion is that the record entry shows that the application for a rehearing was denied on October 10th, and an order then entered so showing. There is no reasonable excuse for any claim that relators were misled, for while they were not entitled to notice of the judge's action, as they are presumed to be in court and cognizant of its proceedings, they were given notice by both the judge and the clerk in ample time to have prayed for an appeal. They did not do so until the 21st, which was after the time limit had expired. If they had wished to get the benefit of the fact, if such it was, that the actual entry of the proceedings purporting to be those of the 10th of October was not made until the 21st, they should have moved for a correction of the record in the court below. This they did not do. Upon the record as it stood the time for an appeal had passed.

The writ must be denied.