## COLUMBUS CHAIN CO. v. STANDARD CHAIN CO.

(Circuit Court of Appeals, Sixth Circuit. May 17, 1906.)

No. 1,532.

1. APPEAL—ALLOWANCE—PRESUMPTION OF REGULARITY.

Where an appeal is allowed in open court, the presumption is that it was allowed by a judge duly authorized to hold such court, and the record cannot be changed or corrected on motion to dismiss appeal to show otherwise by affidavits filed in the appellate court.

2. SAME—JURISDICTION—CITATION.

When an appeal is allowed in open court, neither the issuance of a citation nor the giving of an appeal bond is jurisdictional.

Appeal from the Circuit Court of the United States for the Southern District of Ohio.

On motion to dismiss appeal.

George M. Finckel, for the motion.

C. C. Shepherd, opposed.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

PER CURIAM. A motion has been made by the appellee to dismiss the appeal, on the ground that the proceedings looking to the taking and perfection of the appeal were all signed by Judge Wanty of the Western District of Michigan after August 1, 1905, when he was not sitting as judge of the Southern District of Ohio, or with the Circuit Court of Appeals for the Sixth Circuit, and when his authority under a designation to sit in the Southern District of Ohio from June 1, 1905, to August 1, 1905, had expired.

The motion is overruled, because it does not appear from the record of the case either that the appeal was allowed by Judge Wanty, or, if allowed by him, that he was not acting under authority of a proper designation. The record shows the filing of a memorandum opinion by Judge Wanty in the case on July 6, 1905, and the entry of the decree dismissing the complaint on July 14, 1905. Then it appears in the record that afterwards, on November 28, 1905, a petition for an appeal with assignment of errors was filed in the clerk's office, and on the same day the following entry was made

"This day came the plaintiff, by its solicitor, and presented to the court its petition for the allowance of an appeal to the United States Circuit Court of Appeals for the Sixth Judicial Circuit, which petition upon consideration by the court is hereby allowed, and the court allows an appeal to the United States Circuit Court of Appeals for the Sixth Circuit, upon the filing of a bond in the sum of five hundred dollars, with good and sufficient surety to be approved by the court."

This allowance, being made in open court, must be presumed to have been made either by the United States Circuit or District Judge having authority to hold court in the district at the time, or, if by the judge of any other district, then under authority of a proper designation. No motion was made to modify this entry so as to show that

the allowance was made, or attempted to be made, by Judge Wanty acting without any proper designation. We have already held in Re McCall (just decided) 145 Fed. 898, that the record imports verity, and cannot be contradicted or corrected by an affidavit filed in this court upon an application for a mandamus or upon a motion like this. The record does show that on December 8, 1905, an appeal bond was filed, approved by Judge Wanty, and on December 16, 1905, a citation issued, signed by Judge Wanty, as follows:

"Geo. P. Wanty, Judge of the United States District Court, Western District of Michigan, sitting and holding Circuit Court by designation in the Eastern Division of the Southern District of Ohio."

The presumption to be drawn from Judge Wanty's signature is that he was acting under a designation valid at the time, but, in view of the allowance of the appeal in open court, neither the issuing of a citation nor the giving of bond was jurisdictional. If either is defective, it may be perfected. Noonan v. Chester Park Athletic Club, 93 Fed. 576, 35 C. C. A. 457; Jacobs v. George, 150 U. S. 415, 14 Sup. Ct. 159, 37 L. Ed. 1127. There is nothing in the record to overcome that presumption of legality which is applied in The Alaska (C. C.) 35 Fed. 555.

The motion is overruled.