## BANCO POPULAR, Complainant,

*v.*

## E. B. WILCOX, Dft.

---

San Juan, Equity, No. 946.

### APPEAL AND BOND.

Appeal—Confirmation of Mortgage Sale.

1. A decree confirming a sale under foreclosure is final, and an appeal may be taken therefrom.

Banco Popular v. Wilcox.

Appeal—Supersedeas Bond.
> 2. The principal controlling the amount of a supersedeas bond is that it shall be sufficient to indemnify the opposite party for the losses he may sustain on account of the nonsatisfaction of the judgment when rendered. It is a matter primarily within the discretion of the judge allowing the appeal.

Opinion filed April 27, 1917.

———

*Messrs. Damian Monserrat* and *Frank Antonsanti* for plaintiff.

*Mr. J. R. F. Savage* for defendant.

HAMILTON, Judge, delivered the following opinion:

1. An appeal is sought from the decree of this court confirming the sale under a mortgage foreclosure. This seems to be proper under Sage v. Central R. Co. 96 U. S. 712, 24 L. ed. 641, following previous cases. The decree of confirmation is final so far as relates to the title to the property sold. Under the Porto Rican law there is no redemption from mortgage sale, and the confirmation therefore cuts off not only the equity of redemption, but every other kind of redemption.

2. As to the amount of supersedeas bond, the controlling principle is that it shall, with good and sufficient securities, indemnify the opposite party for the losses he may sustain on account of the nonsatisfaction of the judgment when rendered. Catlett v. Brodie, 9 Wheat. 553, 6 L. ed. 158 (Story). That action was for the recovery of money not otherwise secured, and in that class of cases the amount of bond on appeal must be the

amount of the judgment or decree. In Providence Rubber Co. v. Goodyear, 6 Wall. 156, 18 L. ed. 763, however, it was held that, where the property in controversy necessarily follows the event of the suit, as in real actions, replevin, and in suits on mortgages, or where the property is in the custody of the court, the indemnity required need only cover the use and detention of the property, costs of suit and appeal, and just damages for delay. The bond is fixed by the judge issuing the citation, and the matter is at least primarily in the discretion of the judge allowing the appeal. Jerome v. McCarter, 21 Wall. 17, 28, 22 L. ed. 515, 516. The statutes governing the subject are in general terms. Rev. Stat. §§ 692, 999, Comp. Stat. 1916, § 1659.

In the case at bar the effect of the supersedeas bond will be to restore the property to its old custody, that is to say, to the defendant, and the plaintiff will be deprived of its rental value for the probable time of the appeal, say one year. This may amount to $1,000. The costs and expenses of appeal, all included, can hardly exceed $500. There is, however, another element which must be taken into account, especially in tropical countries like Porto Rico. The place in question, a large dwelling house, is in part at least of wooden construction, and it is shown by the evidence that it is already in bad repair, and the necessary result is that it will be in increasingly worse repair as time passes. There are no exact figures on this subject, but if property assessed at $10,000 or more is sold for $4,500, the situation must be already serious. If the plaintiff purchaser should win the appeal, he will possibly therefore receive the property back in very bad condition, and it would seem fair to allow $2,000 or more for the decay which may ensue. If this should be too

much, at least the plaintiff would not recover it upon the bond, while on the other hand it is quite possible that the needed repairs will amount to this.

It is a matter of consideration whether there comes into account anything connected with the deficiency judgment this day allowed. If the confirmation of sale is reversed by the court of appeals and the property sent back for a resale, it may or may not bring the same price. If it brings more, no one will be injured, because the bank would be entitled only to $4,500 plus interest, and no more. The surplus, if any, must go to the defendant if the deficiency has been met. On the other hand, if the property brings less, the plaintiff bank will be injured, because it will receive that much less than the amount adjudicated as due it. The bank could not recover this loss upon supersedeas bond, however, inasmuch as it could not recover anything in the case of a reversal and consequent order for a new sale. Whether there could be in such case a new deficiency judgment need not at present be considered. This damage would be a matter not arising under the supersedeas bond.

Upon the whole, therefore, it would seem that the amount of the supersedeas bond should be about $4,000, and this amount is accordingly fixed. The appeal is allowed and bond will be given as above.

It is so ordered.