### DOWNING & CO. (INC.) v. UNITED STATES (No. 2556)[1]

NATURE OF RECORD IN THIS COURT—POWER OF THIS COURT OVER—MOTION TO CORRECT.

The return of the Board of United States General Appraisers to the United States Court of Customs Appeals described by section 198 of the Judicial Code and Rule XXXIII of the board's rules ought to be measured by the same rules as are ordinarily applied to records brought from inferior courts by appeal or upon writ of error, and the transcript of testimony appearing therein should be considered in the same light as a bill of exceptions duly settled by the trial court. The function of a bill of exceptions is to put on record rulings and instructions in matters of law which could not otherwise be a subject of revision in a court of error, and the duty of drawing up a proper bill of exceptions, in ordinary cases, devolves upon the excepting party. The statute in this case, however, devolves this duty upon the board. Such a record imports verity and can not be impeached by ex parte affidavits. The motion to correct the record or to remand for correction is denied.

[1] T. D. 40957

## United States Court of Customs Appeals, June 3, 1925

APPEAL from Board of United States General Appraisers, Abstract 48009

MOTION to correct record

[Denied.]

*Allan R. Brown (Jacob L. Klingaman* of counsel) for the motion.

*William W. Hoppin,* Assistant Attorney General (*M. Higginbotham,* special attorney, of counsel), for the United States, contra.

[Oral argument May 19, 1925, by Mr. Brown and Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

PER CURIAM:

On May 19, 1925, appellant entered its motion herein for an order of this court "amending, correcting, and supplementing the transcript of the record as returned by the Board of General Appraisers to make it accord with the facts appearing in the aforementioned affidavit, or for an order remanding the cause to the Board of General Appraisers for further proceedings looking to the correction or amendment or supplementing of the record," and for other relief deemed proper by the court. In support thereof appellant filed the affidavit of Jacob L. Klingaman, counsel for the protestant in the court below, in which it is stated that Exhibit 1–A was not taken from the samples of the merchandise imported in this case, as shown by the transcript, but was taken by counsel for the Government from other samples in other pending cases. In addition it was alleged in said affidavit that counsel for the Government on the trial below had stated in open court that it was not his purpose to call any witnesses, and this statement was so made prior to the time counsel for the protestant rested his case and that the same does not appear in the transcript. Upon this showing, it is argued that this court should order a correction and amendment of the record of the court below in the particulars complained of.

An inspection of the record transmitted by the Board of General Appraisers discloses that one witness, Adolph Katzenstein, was called on behalf of the importer; that thereafter a sample of the merchandise in question was introduced, and marked Exhibit 1 Thereafter, on cross-examination by counsel for the Government, the following appears in the transcript of testimony:

Mr. HIGGINBOTHAM. May I have this marked separately?
General Appraiser ADAMSON. Mark it.
(A portion of Exhibit 1 was marked "Exhibit 1–A of this date.")

In concluding the evidence in the case the record shows the following:

Mr. HIGGINBOTHAM. That is all.
Mr. KLINGAMAN. The importer rests.
Mr. HIGGINBOTHAM. The Government rests.

The record also shows that after the rendition of the judgment, and within the proper time, appellant filed its application for rehearing, giving as reasons in part therefor the alleged error in the marking of Exhibit 1–A, and the omission of the statement of counsel for the Government heretofore mentioned. This application for a rehearing was duly denied by the court below, whereupon counsel for the protestant entered a motion to correct the record in the identical particulars complained of in his motion here, which motion the record shows to have been overruled by the court below.

A petition for review and an assignment of errors was filed herein March 27, 1925. Thereupon the mandate of this court issued, directed to the Board of United States General Appraisers, commanding said board to "transmit to this court, within 30 days from this date, the record and evidence had and taken before you in said matter, together with a certified statement of the facts involved in the case and the decision thereon, and also together with all samples and exhibits used before you in said matter." This was in conformity with section 198 of the Judicial Code approved March 3, 1911:

Thereupon the court shall immediately order the Board of General Appraisers to transmit to said court the record and evidence taken by them, together with the certified statement of the facts involved in the case and their decision thereon; and all the evidence taken by and before said board shall be competent evidence before said Court of Customs Appeals.

In response to said mandate, the said board made its return to this court April 25, 1925. This return contained the various files in the case and a transcript of testimony, and recited, in part:

Now, therefore, pursuant to said order, the Board of United States General Appraisers does hereby transmit to said court the record, evidence, exhibits, and samples in said case, together with a certified statement of the facts involved in the case, and also its decision thereon.

This return was certified in the name of the president, bore the seal of, and was signed by the chief clerk of, said board.

Pursuant to the provisions of section 518 of the Tariff Act of 1922, on October 30, 1922, the said board promulgated certain rules of practice, a part of Rule XXXIII thereof, being as follows:

The record in each case appealed to the Court of Customs Appeals shall contain all of the papers in the case, including a copy furnished by the appellant of all the testimony introduced at the time of the trial, and the decision of the board therein. * * *

The chief clerk shall, under the seal of the board, certify to the correctness of each such record, and that the same is in accordance with the above rule.

In view of these premises, it becomes evident that the return of the board of appraisers herein ought to be measured by the same rules as are ordinarily applied to records brought from inferior courts to courts of appeal by appeal or upon writ of error, and that the transcript of testimony appearing therein should be considered in the same

light as a bill of exceptions, duly settled by the trial court. The function of a bill of exceptions is to put on record rulings and instructions in matters of law which could not otherwise be a subject of revision in a court of error and the duty of drawing up a proper bill of exceptions, in ordinary cases, devolves upon the excepting party. *Hanna* v. *Maas,* 122 U. S. 24. But here this duty devolves, not upon the litigant, but upon the board. The statute mandatorily requires the board to return all the evidence taken before it. The statute, therefore, imposes upon the board the duty which otherwise would devolve upon the appellant.

Such a return, made in conformity with the statute, should and does, import verity. The motion here is not a suggestion of a diminution of the record. In such cases, on a proper showing, the remedy is ample by writ of certiorari to bring up the omitted portions of the record. *United States* v. *Gomez,* 1 Wall. 690 (701); *United States* v. *Adams,* 9 Wall. 661; *Hoskin* v. *Fisher,* 125 U. S. 217 (223); *Goodenough Co.* v. *Rhode Island Co.,* 154 U. S. 635; *Flickinger* v. *Bank,* 145 Fed. 162.

But the motion is to amend the transcript of testimony returned by the court below. If it be true that the transcript of testimony included within the return of the Board of General Appraisers is to be considered as a bill of exceptions which has been duly settled by the court below, and of this we have no doubt, then we are entirely without power to order its amendment. It is presumptively correct and it can not be impeached by ex parte affidavits. Such has been the uniform holding of the courts of the United States. *Stimpson* v. *West Chester Railroad Co.,* 3 How. 552 (556); *Hudgins* v. *Kemp,* 18 How. 530 (534); *Randolph* v. *Allen,* 73 Fed. 23 (31); *Rollins* v. *Board,* 78 Fed. 741; *Columbus Chain Co.* v. *Standard Chain Co.,* 145 Fed. 186; *In re McCall,* 145 Fed. 898; *St. Louis & S. F. R. Co.* v. *Loughmiller,* 193 Fed. 689 (694); *Dreslin* v. *Phillips,* 279 Fed. 303; *Graziani* v. *Arundell,* 299 Fed. 886.

The matter is well summed up in the opinion of Brewer, J., in *Evans* v. *Stettnisch,* 149 U. S. 605 (607):

In the third place, if it were affirmatively shown that there was only the one affidavit, that is not sufficient to overthrow the recital in the record. The record imports absolute verity; an affidavit of a witness does not; and when the court, which, in addition, may be supposed to have personal knowledge of the fact, sustains the recital in the record as against the statement in the affidavit, its ruling can not on review be adjudged erroneous.

Counsel for appellant relies upon the action taken by this court in *United States* v. *Motor Car Equipment Co.,* No. 764, decided in 3 Ct. Cust. Appls. 77. There a supplemental return by the board, duly certified according to law, was filed in this court and thereafter appellees moved that the same be made a part of the record in the cause. In that case it appeared the board, in proper time and in a

legal manner, desired to amend its record to conform with the facts. But here the court below has not only certified to the correctness of the record as it comes to us, but has refused, in passing upon the application for a rehearing and the motion to amend, to make the changes insisted upon by appellant. The cases are entirely different.

The motion must be *denied*.