LIBERTY MUT. INS. CO. et al. v.
PILLSBURY et al.

No. 11094.

Circuit Court of Appeals, Ninth Circuit.

March 18, 1946.

Rehearing Denied April 23, 1946.

Theodore Hale and Carroll B. Crawford, both of San Francisco, Cal., for appellants.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., Leavenworth Colby, Atty., Dept. of Justice, of Washington, D. C., and James T. Davis, Asst. U. S. Atty., of San Francisco, Cal. (Ward E. Boote, Chief Counsel, U. S. Employees' Compensation Comm., of Washington, D. C., and Herbert P. Miller, Asst. Chief Counsel, of New York City, of counsel), for appellee Pillsbury.

Before GARRECHT, MATHEWS and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

In the District Court of the United States for the Northern District of California, appellants (Liberty Mutual Insurance Company and Contractors Pacific Naval Air Bases) instituted a proceeding against appellees (Warren H. Pillsbury, Deputy Commissioner, of the United States Employees' Compensation Commission, and Walter L. Wood) under § 21 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921. The proceeding was instituted by the filing of a libel, which subsequently was amended. Appellee Pillsbury moved to dismiss the amended libel. The motion was heard on December 11, 1944. There was no other hearing. On December 26, 1944, the following "order," signed by a judge of the District Court, was filed and entered: "It is ordered that the motion of respondent [appellee], Warren H. Pillsbury, to dismiss the amended libel for mandatory injunction filed herein be and the same is hereby granted, and said amended libel is hereby dismissed."

The "order" of December 26, 1944, was a final decision, within the meaning of § 128(a) of the Judicial Code, 28 U.S.C.A. § 225(a), and hence was appealable, but no appeal was taken therefrom. On February 21, 1945, the judge signed and caused to be filed a "decree" purporting to dismiss the amended libel which, in fact, was dismissed by the "order" of December 26, 1944. From the "decree" of February 21, 1945, this appeal was taken on April 24, 1945.

As heretofore stated, the "order" of December 26, 1944, was a final decision. There was no other final decision in this case. No other final decision was necessary. The "decree" of February 21, 1945, was not a final decision and was not appealable.

Appeal dismissed.