HOINESS v. UNITED STATES et al.

No. 11479.

Circuit Court of Appeals, Ninth Circuit.

Nov. 18, 1947.

Writ of Certiorari Granted March 29, 1948.

See 68 S.Ct. 742.

HEALY, Circuit Judge, dissenting.

Gladstein, Andersen, Resner & Sawyer, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal. (John H. Black, Edw. R.

Kay, Henry W. Schaldack, all of San Francisco, Cal., of counsel), for appellees.

Before MATHEWS, HEALY and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant (Earl P. Hoiness) filed a libel in personam against appellees (the United States, the American South African Line, Incorporated, and others) in the District Court of the United States for the Northern District of California. The named appellees answered the libel. The others did not answer and, so far as the record shows, were not served with process. A trial was had. Thereafter, without considering the evidence, the court concluded that it lacked jurisdiction, and that the libel, therefore, should be dismissed. These conclusions were stated by the court in an opinion filed on August 5, 1946.[1] Thereupon, on August 5, 1946, the court entered an order dismissing the libel.[2]

■ The order of August 5, 1946, was a final decision, within the meaning of § 128 (a) of the Judicial Code, 28 U.S.C.A. § 225 (a), and was appealable,[3] but no appeal was taken therefrom.

■ The concluding sentence of the order of August 5, 1946,[4] directed appellees' counsel to submit findings of fact and conclusions of law. There was no apparent reason for such a direction. The court's conclusions of law were stated in its opinion.[5] If its conclusions were correct, no findings of fact were necessary, for its conclusions were based on the libel, not on the evidence. No question of fact was considered or decided.

A document entitled "Findings of fact and conclusions of law" was filed on October 14, 1946.[6] An examination of the document reveals that the so-called findings stated therein were not findings of fact. The stated conclusions were that the libel failed to state a claim upon which relief could be granted, and that the court was "without jurisdiction to entertain the cause on the merits."

■ There was also filed on October 14, 1946, a so-called decree purporting to dismiss the libel which, in fact, was dismissed by the order of August 5, 1946.[7] From the so-called decree of October 14, 1946, this appeal was taken on October 18, 1946.[8]

As heretofore stated, the order of August 5, 1946, was a final decision. There was no other final decision in this case. No other final decision was necessary. The so-called decree of October 14, 1946, was not a final decision and was not appealable.[9]

Appeal dismissed.

HEALY, Circuit Judge (dissenting).

I think we may, without doing violence to the statute, treat the decree of October 14, 1946 as a "final decision." Clearly, the trial court understood it to be such, and the parties on both sides have so treated it for the purposes of the appeal.

---

[1] We quote from the opinion: "Examination of the libel reveals that allegations of facts essential to the court's jurisdiction have been omitted. * * * It is obvious, therefore, that the libel is fatally defective. * * * It follows that the libel must be dismissed for lack of jurisdiction." 75 F.Supp. 289.

[2] The order of August 5, 1946, was as follows: "It is ordered: That the libel herein is dismissed for lack of jurisdiction, and that respondents [appellees] have judgment for costs. Counsel for respondents will submit findings of fact and conclusions of law in accordance with the rules of the court and the opinion filed herewith."

[3] Liberty Mutual Ins. Co. v. Pillsbury, 9 Cir., 154 F.2d 559.

[4] See footnote 2.

[5] See footnote 1.

[6] Whether this document was submitted by counsel or prepared by the court without the aid of counsel the record does not show.

[7] The so-called decree of October 14, 1946, was "that the [District] Court has no jurisdiction over the subject matter of the action, and that the libel be dismissed."

[8] The petition for appeal stated that appellant, "being aggrieved by the rulings, findings, judgment and decree made and entered herein on October 14, 1946, * * * does hereby claim an appeal from said rulings, findings, judgment and decree * * * and prays that his said appeal may be allowed." Said appeal was allowed on October 18, 1946.

[9] Liberty Mutual Ins. Co. v. Pillsbury, supra.

Generally speaking, where an order or judgment has been entered effecting the final disposition of a cause, the federal appellate courts have applied the principle that the subsequent entry of a second judgment, making an identical disposition, cannot be permitted to operate as an extension of the statutory period for appeal. Accordingly, appeals from such later judgments are commonly dismissed where taken after expiration of the statutory time for appeal from the first judgment.[1] The rule is a salutary one, serving, as it does, to vindicate a substantial requirement of law. Such was the situation obtaining in the only authority cited in the majority opinion, namely, Liberty Mutual Ins. Co. v. Pillsbury, 9 Cir., 154 F.2d 559. There the order held to be a final decision was entered December 26, 1944, whereas the appeal from the later decree was not taken until April 24, 1945, that is, more than three months after the entry of the order of December 26.[2] The dismissal was therefore in harmony with the current of authority.

Here, however, the principle animating this line of cases is inapplicable. The appeal taken October 18, 1946 was timely whether taken from the order of August 5 or from the formal decree of October 14. Accordingly, instead of seizing upon some purely formal ground on which we may dismiss the appeal, we ought, I think, inquire whether, under the circumstances shown by the record, we can and should entertain it. I am satisfied that we can and should.

In the first place, we can hardly quarrel with the form of the judgment appealed from. Considered by itself, it is in the usual form of a final decree. In the second place, the trial court plainly intended it to operate as such, that is to say, the order of August 5th was not intended to function as the ultimate judgment. Something remained to be done. The order, as appears from the quotation of it in the majority opinion, directed counsel to "submit findings of fact and conclusions of law in accordance with the rules of the court and the opinion filed herewith." One cannot doubt that the experienced judge, who had tried the cause on its facts, labored under the belief that findings and conclusions were requisite. He was probably justified in so believing. The pertinent admiralty rule, Rule 46½ 28 U.S. C.A. following section 723, requires that "in deciding cases of admiralty and maritime jurisdiction the court of first instance shall find the facts specially and state separately its conclusions of law thereon; and its findings and conclusions shall be entered of record and, if an appeal is taken from the decree, shall be included by the clerk in the record which is certified to the appellate court under rule 49." It is not accurate to say that no question of fact was considered or decided in the course of the findings. Finding VI states that "no evidence was offered in respect to any ultimate fact essential to a showing of jurisdiction." I think the intention of the trial judge should be given effect and the decree of October 14 accepted as the final decision, Rubber Co. v. Goodyear, 73 U.S. 153, 18 L.Ed. 762; Monarch Brewing Co. v. George J. Meyer Mfg. Co., 9 Cir., 130 F.2d 582, 583.[3]

I may add that, in light of the direction for the submission of findings and conclusions, counsel for appellant could not fairly be expected to proceed on the assumption that the order of August 5th was a final judgment, and on such assumption have ap-

---

[1] Cf., for example, Sosa v. Royal Bank of Canada, 1 Cir., 134 F.2d 955.

[2] Consult 28 U.S.C.A. § 230.

[3] Rubber Co. v. Goodyear seems squarely in point. The question there was whether an order of November 28, 1866, or a formal decree entered December 5, 1866, was to be accepted as the final judgment. The acceptance of the first order as final would necessitate a dismissal of the appeal as untimely. The court said "that the entry made on the 5th of December was regarded both by the court and the counsel as the final decree in the cause. We do not question that the first entry had all the essential elements of a final decree, and if it had been followed by no other action of the court, might very properly have been treated as such. But we must be governed by the obvious intent of the Circuit Court, apparent on the face of the proceedings." And in the Monarch Brewing Co. case, supra, this court, in denying a motion to dismiss an appeal from a subsequent judgment, expressed itself as satisfied that an earlier order "was not intended as the rendition of a judgment in favor of the defendant."

pealed from it. Under the circumstances, since the appeal was timely whether taken from the order or from the judgment of October 14, 1 see no good reason why, if such course be thought necessary, it can not be considered and entertained as though it were an appeal from the order. Compare Prescott R. Co. v. Atchison R. Co., 2 Cir., 84 F. 213.